# THE NEUBERGER FIRM
ATTORNEYS AND COUNSELLORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
RAEANN WARNER, ESQUIRE
CHERYL A. HERTZOG, ESQUIRE*
    *(Licensed in PA and NJ only)

PHONE: (302) 655-0582
FAX: (302) 655-9329

November 27, 2007

**Via CM/ECF Filing**

The Honorable Mary Pat Thynge
United States District Court
District of Delaware
844 King Street
Wilmington, DE 19801

RE:    **Riddell v. Gordon, et al.,** C.A. No. 04-1201-***-MPT
          Rule 16 Scheduling Order - Teleconference Scheduled for December 7, 2007

Dear Judge Thynge:

      This matter is scheduled for a teleconference on December 7, 2007 to enter a scheduling order. The County and individual defendants have failed to cooperate in framing a scheduling order. Attached as Tab A is Plaintiff's Proposed Scheduling Order for your use at the upcoming teleconference. I have also attached all related correspondence as Tab B.

Very Truly Yours,

/s/ Thomas S. Neuberger

Attorney for Plaintiff

cc:    Stephen J. Neuberger, Esq. (via CM/ECF)
       Martin D. Haverly, Esq. (via CM/ECF)
       William W. Bowser, Esq. (via CM/ECF)
       Kathleen M. Jennings, Esq. (via CM/ECF)
       Charles E. Butler, Esq. (via U.S. Mail)

Riddell \ Letters \ Thynge.02

# Tab

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SERGEANT KATHLEEN RIDDELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A.No. 04-1201-*** |
| | : | |
| **THOMAS P. GORDON, individually and in his official capacity; SHERRY FREEBERY, individually and in her official capacity; COLONEL JOHN L.CUNNINGHAM, RETIRED, individually; COLONEL DAVID F. MCALLISTER, individually and in his official capacity: and NEW CASTLE COUNTY, a municipal corporation,** | : : : : : : : : | **Jury Trial Demanded** |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S PROPOSED SCHEDULING ORDER**

This ___ day of _____, 2007, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on <u>December 7, 2007</u>, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by

reference.

    2.    <u>Joinder of other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>January 11, 2008</u>.

    3.    <u>Discovery</u>

        a.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of <u>70</u> hours of taking testimony by deposition upon oral examination.  Each deposition will be limited to a maximum of <u>7</u> hours unless extended by agreement of parties.

        b.    <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

        c.    <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before <u>December 31, 2008</u>. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        d.    <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before <u>November 5, 2008</u>. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before <u>December 3, 2008</u>.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their

experts' availability for deposition.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    e. <u>Discovery Matters</u>.  Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less that forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

    4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed

form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3e above.

      Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

      5.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

      6.    <u>ADR Process</u> . To be discussed during the Rule 16 scheduling conference.

      7.    <u>Interim Status Report</u>.  On <u>November 12, 2008</u>, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

      8.    <u>Status Conference</u>.  On <u>November 19, 2008</u>, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 9:00 a.m.  Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9.  <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before <u>January 31, 2009</u>. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Pretrial Conference</u>. On _____, 200_, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at ____.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____, 200_.

12. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13.     Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

14.     Trial.  This matter is scheduled for a ___ day ___ trial beginning at 9:30 a.m. on _____, 200_ with the remaining trial days beginning at 9:00 a.m. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

                                                          _____
                                                          **UNITED STATES MAGISTRATE JUDGE**

# Tab

# B

**Cheryl Hertzog**

| | |
|---|---|
| **From:** | DiBianca, Margaret [mdibianca@ycst.com] |
| **Sent:** | Monday, November 26, 2007 5:05 PM |
| **To:** | Thomas S. Neuberger |
| **Cc:** | Gregg Wilson, Esq.; Bowser, William; Martin D. Haverly, Esq.; Kathleen Jennings, Esquire; ceb@cebutler.com; Cheryl Hertzog; Raeann Warner; Stephen J. Neuberger |
| **Subject:** | RE: Riddell v. Gordon |

Thank you for your response.  Defendants will review the proposed scheduling order and arrange with your colleagues prior to its due date one week from today.

Sincerely,


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

-----Original Message-----
From: Thomas S. Neuberger [mailto:TSN@neubergerlaw.com]
Sent: Monday, November 26, 2007 5:00 PM
To: DiBianca, Margaret
Cc: Gregg Wilson, Esq.; Bowser, William; Martin D. Haverly, Esq.; Kathleen Jennings, Esquire; ceb@cebutler.com; Cheryl A. Hertzog, Esq.; Raeann Warner, Esq.; Stephen J. Neuberger (work); TSN@NeubergerLaw.com
Subject: FW: Riddell v. Gordon


Ms. DiBianca,

Your obstructive email found below has been forwarded to me for a
response.

You cannot blackmail plaintiff, into consenting to meritless briefing,
designed to delay the gathering of evidence and the entry of a
scheduling order, by offering to consent to the jurisdiction of the
magistrate.

My client has the right to discovery now and she insists on that right.
Your clients have delayed plaintiff's day in court for far too long.
Your request is simply incredible.

Agree to the proposed discovery plan submitted to you by 10am tomorrow,
or I will just submit the plan and its related correspondence to the
magistrate tomorrow.  The court will have to deal with your obstruction
and delay at the scheduled teleconference.

The defendants for several years now have sought to delay the gathering
of evidence in this case.  That is now coming to an end.

As to your purported rationale, I point out that there are more than
individual defendants in this case.  The County is a municipal
defendant, accordingly you can file no case dispositive motion relating
to the County and discovery has to go forward for that reason alone.

1

Qualified immunity does not apply to a municipal defendant.

I also remind you of your obligations under Rule 11. Perhaps you are not versed in its requirements, or your senior associates are treating you as the low person on the totem pole and they are setting you up for the fall.

An assertion of qualified immunity on the legal theories in this case is without factual or legal basis. The law prohibiting the retaliation asserted has been established for several decades. Before you sign any such qualified immunity motion think long and hard about your obligations as an officer of the court and the possibility of sanctions against you. Beware of being the fall guy for the County or its prior officials who now have criminal records.

If you still think that such a motion is appropriate, and the court permits it at this late date, then we can brief it while discovery is progressing.

Tom Neuberger

Cc: client
**************************************
Thomas S. Neuberger, Esquire
The Neuberger Firm
Attorneys And Counsellors At Law
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801-3707
Phone 302.655.0582
Fax 302.655.9329
Email: TSN@NeubergerLaw.com

-----Original Message-----
From: Cheryl Hertzog
Sent: Monday, November 26, 2007 12:49 PM
To: Thomas S. Neuberger; Stephen J. Neuberger; 'martin'
Subject: FW: Riddell v. Gordon



~ Cheryl

-----Original Message-----
From: DiBianca, Margaret [mailto:mdibianca@ycst.com]
Sent: Monday, November 26, 2007 12:47 PM
To: Cheryl Hertzog
Cc: Wilson, Gregg; Bowser, William; ceb@cebutler.com; kjennings@ojlaw.com
Subject: Riddell v. Gordon

Good Afternoon,

I am responding to your e-mail to Gregg Wilson re: the scheduling order in the Riddell matter.

As you may know, the Defendants filed a Motion to Dismiss, which, in part, was based on grounds of qualified immunity in a related matter, Jamison v. Gordon. We expect to likely do the same for the Riddell and Tobin cases. Due to the qualified immunity issues, we will ask the Court to refrain from issuing a scheduling order until those motions have been decided.

If you are amenable, Defendants would agree to Judge Thygne's

2

jurisdiction if Plaintiff would agree to submit a jointly proposed briefing schedule in lieu of the proposed scheduling order.

Please let me know if Plaintiff may be interested in such an agreement.

Thank you,

Molly DiBianca

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

This message may contain confidential attorney-client communications or other protected information.  If you believe you are not an intended recipient (even if this message was sent to your e-mail address), you may not use, copy, or retransmit it.  If you believe you received this message by mistake, please notify us by return e-mail, and then delete this message.  Thank you for your cooperation.