# CHARLES E. BUTLER
ATTORNEY AT LAW
1224 N. King Street
Wilmington, Delaware 19801

(302) 655-4100

Admitted in Delaware,
Pennsylvania and Arizona

Fax:   (302) 655-4212
Email: ceb@cebutler.com

November 29, 2007

**VIA CM/ECF FILING**
The Honorable Mary Pat Thynge
United States District Court
Lock Box 8
800 King Street
Wilmington, DE 19801

    RE:   **Riddell v. Gordon, et al.  No. 04-01201**
            **Tobin v. Gordon, et al.  No. 04-01211**
            **Jamison v. Gordon, et al. No. 04-01568**

Dear Judge Thynge:

    I write on behalf of defendants Thomas Gordon, Sherry Freebery and David McAllister, whom I represent, as well as defendant John Cunningham, who is represented by Kathleen Jennings, Esq. and has authorized me to write on his behalf. Defendant New Castle County is represented by Young Conaway and that firm is aware of our position and is in agreement as well.

    As the Court is no doubt aware, the three matters in the caption above are all brought by current or former New Castle County police officers. Thomas Neuberger, Esq. represents the plaintiff in Riddell and Tobin. Martin Haverly, Esq. represents the plaintiff in Jamison and is co counsel with Mr. Neuberger in Riddell. All three cases were initially assigned to Judge Kent Jordan, who has vacated his seat on the bench in favor of one on the Third Circuit. While Judge Jordan had the cases, he did order stays in the Riddell and Tobin cases pending resolution of criminal charges against certain individual defendants. A stay was never formally entered in Jamison, but extensions were routinely entered while the criminal matter proceeded. Those criminal charges have now been resolved, but the vacancy created by Judge Jordan's departure has not. That may explain why your Honor called for a scheduling conference to be held on December 7, 2007.

    We note, somewhat parenthetically, that the stays previously ordered have not been formally lifted by Order of the Court. While we have no objection to lifting the stays since the basis for their entry has passed, it does seem that plaintiff ought to present a form of Order before further proceedings in Riddell and Tobin.

The Honorable Mary Pat Thynge
November 29, 2007
Page 2

On a more substantive matter, the Court may be aware that all defendants, including defendant New Castle County, have filed a motion to dismiss the Jamison complaint for several reasons, the most relevant of which is qualified immunity. The Jamison/qualified immunity argument is significant for at least three reasons. First, when a motion to dismiss based upon qualified immunity is pending, "discovery should not be allowed."[1] A discovery schedule would undermine the very nature of the asserted immunity.[2] Second, the individual defendants fully intend to assert qualified immunity as to the remaining two matters before the Court. Qualified immunity is thus central to a determination of whether discovery ought to proceed in any of the cases. Finally, if the Court denies the individual defendants qualified immunity, the ruling will in all likelihood be appealed pursuant to Mitchell v. Forsyth[3] and discovery will necessarily be stayed pending review by the Third Circuit.

This is not to suggest that there is nothing to be done. The stays have not been formally lifted. Plaintiff in Jamison is now a couple of weeks overdue in filing his answering brief in response to defendants' motion to dismiss. Defendants have not filed their motions to dismiss and briefs in support in the remaining two cases, but are certainly amenable to a briefing schedule if the Court is inclined to set one.

Lastly, there is the question of your Honor's status in presiding over these matters. We think there may be some benefit in convening to determine if all parties are in agreement with submitting these cases to your Honor for decision. We note that when we attempted to resolve these issues among ourselves, Mr. Neuberger reacted to our position with language like "obstruction," "blackmail," "meritless" and "I remind you of your obligations under Rule 11." Our sense is that this is not the kind of rhetoric likely to lead to productive discussions among counsel. A conference to at least set some briefing deadlines and to clarify your Honor's status may well be in order. We do think it premature and unworkable, however, to set a discovery schedule.

Respectfully submitted,


/s/ Charles E. Butler

---

[1] Siegert v. Gilley, 500 U.S. 226, 231 (1991); Harlow v. Fitzgerald, 457 U.S. 800 (1982).
[2] Siegert., at 235; Geter v. Fortenberry 849 F. 2d 1550, 1553 (5th Cir. 1988).
[3] 472 U.S. 511, 526-27 (1985).