# YOUNG CONAWAY STARGATT & TAYLOR, LLP

MARGARET M. DIBIANCA
DIRECT DIAL:  (302) 571-5008
DIRECT FAX:    (302) 576-3476
mdibianca@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

February 19, 2008

**BY CM-ECF**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Lock Box 8
Wilmington, DE 19801

      Re:   *Riddell v. Gordon, et al.*
              C.A. No. 04-1201

Dear Judge Thynge:

      This letter is a revised version of the letter submitted on February 15, 2008, on behalf of all defendants in the above-referenced matter.[1]  The cases below are representative of the body of law that supports Defendants' Motion to Dismiss.

1. <u>Jones v. Del. State Police</u>, No. 02-1637-KAJ, 2006 U.S. Dist. LEXIS 46944 (D. Del. July 11, 2006) (sufficiency of pleadings pursuant to 12(b)(6)).

2. <u>Joynes v. Meconi</u>, No. 05-332-GMS, 2006 U.S. Dist. LEXIS 71296 (D. Del. Sept. 30, 2006) (sufficiency of pleadings pursuant to 12(b)(6)).

3. <u>Guarnieri v. Duryea Borough</u>, No. 05-1422, 2007 U.S. Dist. LEXIS 84580 (M.D. Pa. Nov. 15, 2007) (sufficiency of allegations for the purposes of a political speech and association claim).

4. <u>Van Campernolle v. City of Zeeland</u>, No. 06-1904, 2007 U.S. App. LEXIS 16735 (6th Cir. July 9, 2007) (filing of and assisting others with the filing of union grievances insufficient to constitute protected activity).

---

[1] Plaintiff moved the Court to order Defendants to revise their original letter on the grounds that it did not comply with the Court's instructions.  Plaintiff did not include the Statement of Compliance that is required by Local Rule 7.1.1 with its motion, likely because Plaintiff did not make any effort to comply with the rule by trying to "reach agreement with the opposing party on the matters set forth in the motion."  D. Del. L.R. 7.1.1.  Had Plaintiff adhered to the rule and contacted counsel prior to filing the motion, Defendants would have resubmitted their list of cases and an unnecessary motion would have been avoided.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
February 19, 2008
Page 2

      5.      Weintraub v. Bd. of Ed. of the City of N.Y., 489 F. Supp. 2d 209 (E.D.N.Y. 2007) (filing of union grievances not protected speech).

      6.      Smith v. Frye, 488 F.3d 263 (4th Cir. 2007) (no expressive-association claim where plaintiff was not terminated in a political-patronage dismissal or terminated by the political opponent at issue).

      7.      Burge v. Pearl River County, 103 Fed. Appx. 823 (5th Cir. 2004) (intimate-association claims must be specifically alleged in complaint).

      8.      Torres v. Pueblo Bd. of Comm'r, No. 98-1412, 200 U.S. App. LEXIS 23593 (10th Cir. 2000) (intimate-association claim requires plaintiff to plead intent to interfere with marital relationship).

      9.      McKee v. Hart, 436 F.3d 165 (3d Cir. 2006) (to avoid qualified immunity, plaintiff must proffer evidence that there was sufficient precedent at the time of the alleged acts to put defendants on notice of the claimed right).

     10.     Brown v. Muhlenberg Twp., 269 F.3d 205 (3d Cir. 2001) (plaintiff must point to federal case law from within this Circuit to show the claimed right was clearly established; state cases and cases from other circuits will not suffice).

                                                        Respectfully submitted,

                                                        Margaret M. DiBianca (No. 4539)

MMD:sec