IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SERGEANT KATHLEEN RIDDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 04-1201-MPT |
| | ) | |
| THOMAS P. GORDON, individually and in | ) | |
| his official capacity; SHERRY FREEBERY, | ) | |
| individually and in her official capacity; | ) | |
| COLONEL JOHN L. CUNNINGHAM, | ) | |
| RETIRED, individually; COLONEL DAVID | ) | |
| F. MCALLISTER, individually and in his | ) | |
| official capacity; and NEW CASTLE | ) | |
| COUNTY, a municipal corporation | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Young Conaway Stargatt & Taylor, LLP
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
E-mail: wbowser@ycst.com
*Attorneys for Defendants Sherry Freebery, Thomas P.
Gordon, and Colonel David F. McAllister, each in their
official capacity, and New Castle County*

and

(Signatures continued on the following page)

Charles E. Butler, Esquire
Charles E. Butler, Esquire (Bar I.D. 2349)
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com
*Attorneys for Defendants Sherry Freebery, Thomas P.*
*Gordon, and Colonel David F. McAllister, each in their*
*individual capacity*

and

Oberly Jennings, and Rhodunda, P.A.
Kathleen M. Jennings, Esquire (Bar I.D. 913)
1220 North Market Street, Suite 710
P.O. Box 2054
Wilmington, Delaware 19899-2054
Telephone: (302) 576-2000
Facsimile: (302) 576-2004
E-mail: kjennings@ojlaw.com
*Attorney for Defendant Colonel John Cunningham*

DATED:  February 21, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

ARGUMENT .................................................................................................................. 1

I.  STANDARD OF REVIEW ................................................................................. 1

II.  PLAINTIFF'S COMPLAINT FAILS TO STATE A FIRST
     AMENDMENT RETALIATION CLAIM BASED ON HER CAMPAIGN
     ACTIVITIES ....................................................................................................... 2

    A.  As Alleged, Plaintiff's Campaign Activities Cannot Support a
         Viable Claim of Free Speech Retaliation .................................................. 2

        1.  The Complaint Fails to Allege Any Protected Activity ................. 2

        2.  The Complaint Fails to Allege Evidence of Causation ................. 4

    B.  As Alleged, Plaintiff's Campaign Activities Cannot Support a
         Viable Claim of Association-Based Retaliation ....................................... 6

        1.  The Complaint Fails to State a Claim for Intimate
             Association ....................................................................................... 6

        2.  The Complaint Fails to State a Claim for Expressive
             Association ....................................................................................... 7

III.  PLAINTIFF'S COMPLAINT FAILS TO STATE A FIRST
      AMENDMENT RETALIATION CLAIM BASED ON HER UNION
      ACTIVITIES ....................................................................................................... 8

    A.  As Alleged, Plaintiff's Union Activities Cannot Support a Viable
         Claim of Free Speech or Association-Based Retaliation ......................... 8

        1.  Plaintiff Was Acting in Her Employment Capacity When
             Engaged in Union Activities .......................................................... 9

        2.  Plaintiff's Union Activities Did Not Touch on a Matter of
             Public Concern ............................................................................. 10

        3.  The Complaint Fails to Allege a Causal Connection ................. 14

    B.  As Alleged, Plaintiff's Union Activities Cannot Support a Viable
         Claim of Petition-Based Retaliation ....................................................... 16

i

IV.    PLAINTIFF HAS ABANDONED COUNTS IV, V, AND VI OF HER
       COMPLAINT ...................................................................................................17

V.     THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
       IMMUNITY...................................................................................................17

CONCLUSION.....................................................................................................................20

DB01:2509003.3    045581.1047

# TABLE OF AUTHORITIES

**Page**

**Cases**

Adusumilli v. City of Chicago,
    164 F.3d 390 (7th Cir. 1998) ...................................................................... 16

Ambrose v. Twp. of Robinson, Pa.,
    303 F.3d 488 (3d Cir. 2002) ........................................................................ 5

Anderson-Free v. Steptoe,
    970 F. Supp. 945 (M.D. Ala. 1997) ................................................. 15, 18, 19

Baldassare v. N.J.,
    250 F.3d 188 (3d Cir. 2001) ........................................................................ 4

Ballas v. City of Reading,
    No. 00-2943, 2001 U.S. Dist. LEXIS 10733,
    (E.D. Pa. July 24, 2001)........................................................................... 18

Bell Atl. Corp. v. Twombly,
    127 S. Ct. 1955 (2007).............................................................................. 1

Benkoski v. Wasilewski,
    No. 07-0197, 2007 U.S. Dist. LEXIS 66315,
    (M.D. Pa. Sept. 7, 2007) ............................................................................ 1

Bradley v. James,
    479 F. 3d 536 (8th Cir. 2007) ................................................................... 10

Brosseau v. Haugen,
    543 U.S. 194 (2004) (per curiam) ............................................................. 18

Burge v. Pearl River County,
    103 Fed. Appx. 823 (5th Cir. 2004)............................................................. 8

Cindrich v. Fisher,
    No. 05-1346, 2006 U.S. Dist. LEXIS 96193,
    (E.D. Pa. May 31, 2007) ............................................................................ 8

Cobb v. Pozzi,
    363 F.3d 89 (2d Cir. 2003) ................................................................. 15, 16

Connick v. Meyers,
    461 U.S. 138 (1983).............................................................................. 3, 12

iii

Contini v. Cranmer,
   117 Fed. Appx. 186 (3d Cir. 2004) ................................................................ 5

Doe v. Delie,
   257 F. 3d 309 (3d Cir. 2001) ................................................................ 18

Eisai Co., Ltd. v. Mut. Pharma. Co., Inc.,
   No. 06-3163-HAA, 2007 U.S. Dist. LEXIS 93585,
   (D.N.J. Dec. 20, 2007) ................................................................ 3

Estate of Herring v. City of Colo. Springs,
   233 Fed. Appx. 854 (10th Cir. 2007) ................................................................ 7

Estate of Smith v. Marasco,
   318 F.3d 497 (3d Cir. 2003) ................................................................ 5

Evancho v. Fisher,
   423 F.3d 347 (3d Cir. 2005) ................................................................ 13

Farber v. City of Paterson,
   No. 03-4535-DRD, 2006 U.S. Dist. LEXIS 86548,
   (D.N.J. Nov. 29, 2006) ................................................................ 2

Fitzpatrick v. City of Frankfurt,
   No. 06-38, 2007 U.S. Dist. LEXIS 74067,
   (E.D. Ky. Oct. 3, 2007) ................................................................ 12

Foraker v. Chaffinch,
   501 F.3d 231 (3d Cir. 2007) ................................................................ 10

Garcetti v. Ceballos,
   126 S. Ct. 1951 (2006) ................................................................ 8, 11, 12, 18

Guarnieri v. Duryea Borough,
   No. 05-1422, 2007 U.S. Dist. LEXIS 84580,
   (M.D. Pa. Nov. 15, 2007) ................................................................ 13

Hanig v. Yorktown Central Sch. Dist.,
   384 F. Supp. 2d 70 (S.D.N.Y. 2005) ................................................................ 1, 14, 17

Hill v. City of Scranton,
   411 F.3d 118 (3d Cir. 2005) ................................................................ 2

J.B. v. Wash. County,
   127 F.3d 919 (10th Cir. 1997) ................................................................ 7

DB01:2509003.3

045581.1047

Johnson v. George,
    No. 05-157-MPT, 2007 U.S. Dist. LEXIS 42465,
    (D. Del. June 11, 2007) ........................................................................................ 10

Joynes v. Meconi,
    No. 05-332-GMS, 2006 U.S. Dist. LEXIS 71296,
    (D. Del. Sept. 30, 2006). ........................................................................................ 3

Kost v. Kozakiewicz,
    1 F.3d 176 (3d Cir. 1993) ........................................................................................ 1

Laffey v. U.S. Marshal James Plousis,
    No. 05-2796-JAG, 2008 U.S. Dist. LEXIS 7528,
    (D.N.J. Feb. 1, 2008) ............................................................................................... 1

Lassiter v. Ala. A & M Univ. Bd. of Trustees,
    28 F.3d 1146 (11th Cir. 1994) ............................................................................... 18

Lewis v. Carroll,
    No. 06-778-GMS, 2007 U.S. Dist. LEXIS 29027-GMS,
    (D. Del. Apr. 18, 2007) ............................................................................................ 3

Maglietti v. Nicholson,
    No. 05-1819-JCH, 2007 U.S. Dist. LEXIS 73025,
    (D. Conn. Sept. 29, 2007) ..................................................................................... 11

McCann v. Winslow Twp.,
    No. 06-3189, 2007 U.S. Dist. LEXIS 93954,
    (D.N.J. Dec. 20, 2007). ......................................................................................... 16

McKee v. Hart,
    436 F.3d 165 (3d Cir. 2006) .................................................................................. 18

Morgan v. Ga. Power Auth.,
    No. 06-50-HL, 2008 U.S. Dist. LEXIS 9949,
    (M.D. Ga. Feb. 11, 2008) ....................................................................................... 17

Morley v. Lakeview Sch. Dist. Bd. of Educ.,
    No. 05-145, 2007 U.S. Dist. LEXIS 88555,
    (W.D. Mich. Dec. 3, 2007) ....................................................................................... 4

Morris v. Lindau,
    196 F.3d 102 (2d Cir. 1999) .................................................................................. 15

Myers v. Huron County, Oh.,
    No. 06-3117, 2008 U.S. Dist. LEXIS 7246, (N.D. Oh. Jan. 31, 2008). ..................... 15

v

Myles v. Richmond County Bd. of Ed.,
    No. 106-66, 2007 U.S. Dist. LEXIS 62110,
    (S.D. Ga. Aug. 27, 2007) ...................................................................................... 8

Nagle v. Village of Calumet Park,
    No. 05-7039, 2006 U.S. Dist. LEXIS 92251,
    (N.D. Ill. Dec. 18, 2006). .............................................................................. 11, 12

Oest v. Ill. Dep't of Corr.,
    240 F.3d 605 (7th Cir. 2001) ................................................................................ 16

Pahle v. Colebrookdale Twp.,
    227 F. Supp. 2d 361 (E.D. Pa. 2002) ..................................................................... 6

Paluck v. Gooding Rubber Co.,
    221 F.3d 1003 (7th Cir. 2000) .............................................................................. 16

Pottorf v. City of Liberty,
    No. 06-0246-W-NKL, 2007 U.S. Dist. LEXIS 70803,
    (W.D. Mo. Sept. 24, 2007) ............................................................................ 10, 14

Sauzek v. Exxon Coal USA, Inc.,
    202 F.3d 913 (7th Cir. 2000) ................................................................................ 16

Smith v. Frye,
    488 F.3d 263, 269 (4th Cir. 2007),
    cert. denied, 128 S. Ct. 658 (2007) ........................................................................ 7

Soderbeck v. Burnett County,
    752 F.2d 285 (7th Cir.),
    cert. denied, 471 U.S. 1117 (1985) ........................................................................ 7

Springer v. Henry,
    435 F.3d 268 (3d Cir. 2006) ................................................................................... 2

Strahan v. Kirkland,
    287 F.3d 821 (9th Cir. 2002) ................................................................................ 15

Thomas v. Town of Hammonton,
    351 F.3d 108 (3d Cir. 2003) ................................................................................... 5

Tropiano v. Pa. State Police,
    No. 06-1569, 2006 U.S. Dist. LEXIS 50312l,
    (E.D. Pa. July 2, 2006)........................................................................................... 3

Trujillo v. Bd. of County Comm'rs,
    768 F.2d 1186 (10th Cir. 1985) .............................................................................. 7

DB01:2509003.3

045581.1047

Van Compernolle v. City of Zeeland,
    No. 06-1904, 2007 U.S. App. LEXIS 16735,
    (6th Cir. July 18, 2007) ....................................................................................... 10, 14

Vieth v. Pa.,
    188 F. Supp. 2d 532 (M.D. Pa. 2002) ...................................................................... 17

Weintraub v. Bd. of Ed. of N.Y.C.,
    489 F. Supp. 2d 209 (E.D.N.Y. 2007) ....................................................................... 9

Young v. New Sewickley Twp.,
    160 Fed. Appx. 263 (3d Cir. 2005) ......................................................................... 4, 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1

**Other Authorities**

2 James Wm. Moore et al.,
    Moore's Fed. Practice, § 12.34[1][b] (3d ed. 1997) ...................................................... 1

## ARGUMENT

### I.    STANDARD OF REVIEW

One-quarter of Plaintiff's answering brief is devoted to a discussion of the standard of review. In these pages, Plaintiff asserts that she need not provide any factual support for her claims. She even goes so far as to claim that she is not required to plead any legal theory as the basis for her claims. This is not the standard of law in this Circuit.

Certainly, Plaintiff must set forth factual allegations containing enough information "from which each element of [each of her] claims[s] may be inferred."[1] A formulaic recitation of a cause of action's elements will not suffice.[2] She has not alleged facts that make her right to relief more than speculative.[3] Plaintiff's boilerplate legal conclusions are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains.[4] Plaintiff's unsupported and often contradictory allegations are supported only by sweeping legal conclusions far outside the realm of plausibility.

---

[1] Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (cited by Benkoski v. Wasilewski, No. 07-0197, 2007 U.S. Dist. LEXIS 66315, at *12 (M.D. Pa. Sept. 7, 2007)) (and quoted in Laffey v. U.S. Marshal James Plousis, No. 05-2796-JAG, 2008 U.S. Dist. LEXIS 7528, at *10 (D.N.J. Feb. 1, 2008)) ("The pleader is required to set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist").

[2] Laffey, 2008 U.S. Dist. LEXIS 7528, at *10-11 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)); Fed. R. Civ. P. 12(b)(6).

[3] Id. at *11 (citing Bell Atl. Corp, 127 S. Ct. at 1964-165).

[4] Hanig v. Yorktown Central Sch. Dist., 384 F. Supp. 2d 710, 721 (S.D.N.Y. 2005) (internal citations omitted).

DB01:2509003.3                                                                                                    045581.1047

## II.    PLAINTIFF'S COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM BASED ON HER CAMPAIGN ACTIVITIES

Plaintiff's Complaint must satisfy the three-step test used to evaluate a public employee's claim of First Amendment retaliation.[5]  First, the Complaint must allege that Plaintiff engaged in an activity "that is, in fact, protected."[6]  Second, the Complaint must allege that the protected activity was a "substantial factor" in the alleged retaliation.[7]  Third, Plaintiff must show that the adverse action did not occur for reasons other than unlawful retaliation.[8]

Plaintiff's Complaint fails on the first and second prongs.  She does not allege that she participated in any constitutionally protected activity.  Nor does she allege any facts that could infer a causal connection between a protected activity and an adverse action.  Plaintiff's failure to provide even the most basic factual support for her claims requires dismissal of her Complaint.

### A.    As Alleged, Plaintiff's Campaign Activities Cannot Support a Viable Claim of Free Speech Retaliation

Plaintiff's first retaliation claim is based on her husband's unsuccessful campaign for a seat on the New Castle County Council.[9]  Plaintiff's allegations about the campaign do not rise to the level of a "plausible" retaliation claim.

#### 1.    The Complaint Fails to Allege Any Protected Activity

Plaintiff's free-speech claim initially fails on the "protected-activity" prong.  She alleges that she engaged in protected activity by participating in her husband's campaign.  But she

---

[5] Hill v. City of Scranton, 411 F.3d 118, 125  (3d Cir. 2005); see also Springer v. Henry, 435 F.3d 268, 275 (3d Cir. 2006).

[6] Farber v. City of Paterson, No. 03-4535-DRD, 2006 U.S. Dist. LEXIS 86548, at *24 (D.N.J. Nov. 29, 2006).

[7] Hill, 411 F.3d at 118.

[8] Id.

[9] (D.I. 29 at 16).

proffers only two facts to support such a finding. First, she claims that, "she campaigned for and voted for her husband."[10] Second, Plaintiff claims that she spoke out about "the desirability of the election of her husband."[11] These two vague statements represent the sum total of her allegations regarding a protected activity.

To qualify for protected-activity status, the speech must involve a matter of public concern. This determination is made by evaluating the "content, form, and context" of the speech.[12] The proffered statements do not provide any information about the content of the speech about Plaintiff's motive in making the speech, or about the relevance of the topic to a broader societal interest. Simply reciting that the speech "involved a matter of public concern," without providing any factual support requires dismissal of the claims.[13] Legal conclusions made in the guise of factual allegations cannot save Plaintiff's claims.[14]

Additionally, Plaintiff has failed to provide any factual information regarding her role in the campaign. She provides absolutely no information about the "conduct, time, place and persons responsible" for the campaign activities.[15] When faced with similarly sparse allegations, other district courts have concluded that dismissal is appropriate.

---

[10] (D.I. 15 at ¶¶1, 25).

[11] (D.I. 15 at ¶100).

[12] See, e.g., Connick v. Meyers, 461 U.S. 138, 146 (1983).

[13] Tropiano v. Pa. State Police, No. 06-1569, 2006 U.S. Dist. LEXIS 50312, at *6-7 (E.D. Pa. July 2, 2006).

[14] Eisai Co., Ltd. v. Mut. Pharma. Co., Inc., No. 06-3163-HAA, 2007 U.S. Dist. LEXIS 93585, at *25-26 (D.N.J. Dec. 20, 2007).

[15] Lewis v. Carroll, No. 06-778-GMS, 2007 U.S. Dist. LEXIS 29027-GMS, at *4-5 (D. Del. Apr. 18, 2007); Joynes v. Meconi, No. 05-332-GMS, 2006 U.S. Dist. LEXIS 71296, at *29-30 (D. Del. Sept. 30, 2006).

For example, in <u>Morley v. Lakeview School District Board of Education</u>, the plaintiff-teacher asserted that, at unspecified times, she had "spoken out regarding a wide range of subjects, including but not limited [to] the safety of students, discrimination against teachers, and discrimination on the basis of race and age."[16] The court granted the defendant's motion to dismiss, holding that the plaintiff failed to identify the content of any of the alleged statements.[17] Similarly, Plaintiff claims that she spoke out about "the desirability of her husband" for election but fails to include any information about the actual content of her statements. Nor does this "conclusory, boilerplate language" identify when the speech occurred, the place where the speech was made, or any recipients of the speech. In fact, she does not actually allege that there *were* any recipients of her speech.

Based on the face of her pleadings, Plaintiff could have "spoken out" about the desirability of electing her husband to office because, for example, of his physical appearance, or ethnic background, or financial resources. She could have made this argument only to her husband without ever discussing it publicly. Under those facts, there would be no basis to conclude that her speech was on a matter of public concern or that her campaign activities were subject to constitutional protection. These bald assertions cannot survive a motion to dismiss.[18]

### 2.     The Complaint Fails to Allege Evidence of Causation

Retaliation occurs only when protected speech is a substantial or motivating factor in the alleged retaliatory action.[19] The "substantial-factor" element requires Plaintiff to show a causal

---

[16] No. 4:05-145, 2007 U.S. Dist. LEXIS 88555, at *10-11 (W.D. Mich. Dec. 3, 2007).

[17] <u>Id.</u>

[18] <u>Young v. New Sewickley Twp.</u>, 160 Fed. Appx. 263, 266 (3d Cir. 2005).

[19] <u>See, e.g.</u>, <u>Baldassare v. N.J.</u>, 250 F.3d 188, 194-95 (3d Cir. 2001).

4

link between a claimed protected activity and an adverse action.[20]  Temporal proximity between the speech and the adverse action can serve as evidence of causation only where such timing is "unusually suggestive of retaliatory motive."[21]  There must also be a plausible allegation that Defendants knew of the protected activity. [22]

Although difficult to imagine, Plaintiff's causation allegations are even more paltry than her claims of protected activity.  To satisfy the causation requirement, Plaintiff has alleged only one disconnected fact.  She claims that Defendant Gordon was riding in a car in the Peach Festival parade and saw her "wearing a campaign shirt endorsing her husband and passing out literature."  She claims that the County Executive "did not acknowledge her in any way.  He did not even say, 'Hello.'"[23]

This "factual" allegation should be reviewed in the proper context.  Plaintiff has brought suit in federal court alleging that the former County Executive, Chief Administrative Officer, and two of the County's top law-enforcement officers engaged in unconstitutional retaliation for her political participation.  Plaintiff seeks financial compensation from the County's coffers, the impact of which would be borne directly by the taxpayers, and from the Individual Defendants' personal assets.  To support this very serious accusation, the only evidence of causation that Plaintiff has alleged is her subjective belief that the former County Executive did not say "hello" to her at the Peach Festival.  Such an unsupported conclusion cannot serve as evidence of causation sufficient to avoid dismissal.

---

[20] See, e.g., Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003).

[21] See Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003).

[22] Contini v. Cranmer, 117 Fed. Appx. 186 (3d Cir. 2004); see also Ambrose v. Twp. of Robinson, Pa., 303 F.3d 488, 493 (3d Cir. 2002) (holding that speech will not be considered a substantial factor unless the decision makers are aware of the protected conduct).

[23] (D.I. 15 at ¶29).

**B.    As Alleged, Plaintiff's Campaign Activities Cannot Support a Viable Claim of Association-Based Retaliation**

Plaintiff also alleges that she was subject to retaliation in violation of her right of association. She claims that this retaliation was a result of her "political association with and campaigning on behalf of her husband."[24] Despite the intuitively "political" nature of this allegation, Plaintiff's answering brief asserts claims both for intimate association and political association.[25] As with her free-speech claim, her association claim is grossly undersupported by the allegations in her Complaint.

**1.    The Complaint Fails to State a Claim for Intimate Association**

In her answering brief, Plaintiff asserts a claim for intimate association that was not included in her Complaint. Her failure to previously allege this theory precludes her from now including it.[26] But, in any event, the allegations are far below the necessary level plausibility. To support her intimate-association claim, Plaintiff asserts the following:

> The time frame and conduct at issue involves denying plaintiff five promotions (from September 2002 to September 2003) because of who her spouse was. The place is NCCPD, Delaware.[27] The persons responsible for all of these actions are Gordon, Freebery, Cunningham and McAllister.[28]

---

[24] (D.I. 29 at 17(a)).

[25] Plaintiff lists "Intimate Association" as one of the six "legal theories" that she claims "may be implicated" in this case. For the purposes of the present Motion, Defendants will assume that she intends to assert this "legal theory" in more than the hypothetical sense.

[26] See Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361, 383-84 (E.D. Pa. 2002) (dismissing intimate association claim where that theory was not adequately alleged in the complaint because, although a complaint need not allege all the facts known, it must allege all the theories to show liability) (internal citations omitted).

[27] It is not clear how it is that the Police Department can be considered a "place."

[28] (D.I. 29 at 19(3)) (internal citations omitted).

There is no allegation that any Defendant specifically intended to "interfere with a particular relationship protected by the freedom of intimate association."[29]

### 2.    The Complaint Fails to State a Claim for Expressive Association

Plaintiff's allegations could be more reasonably described as an attempt to assert a claim for expressive association.  The Seventh Circuit reached this same conclusion under similar facts in Soderbeck v. Burnett County.[30]  The plaintiff was fired from her job in the sheriff's office after her husband's unsuccessful campaign for sheriff.[31]  The court did not discuss the intimate-association ramifications of the case.  Plaintiff's marriage was addressed only to the extent that it indicated that she shared her husband's political views.

As discussed in more detail in Defendants' opening brief, Plaintiff has not alleged facts sufficient to support a claim of expressive-association retaliation.  She has not alleged that she was subject to an adverse action when her husband's political opponent, Patty Powell, took office.  Nor has she alleged that Powell was a decision maker with respect to the promotions.  Without one of these two direct relationships, the facts are simply too attenuated and the inferences too vast to trigger constitutional protection.[32]

The extension of the expressive-association doctrine to claims that do not allege "a clear and direct connection" between the decision maker's political association, Plaintiff's own affiliations, and the adverse employment action, would "distort the doctrine's purpose."[33]  To

---

[29] See Trujillo v. Bd. of County Comm'rs, 768 F.2d 1186, 1190 (10th Cir. 1985); see also Estate of Herring v. City of Colo. Springs, 233 Fed. Appx. 854, 856 (10th Cir. 2007); J.B. v. Wash. County, 127 F.3d 919, 928 (10th Cir. 1997) (internal quotations omitted).

[30] 752 F.2d 285 (7th Cir.), cert. denied, 471 U.S. 1117 (1985).

[31] Id. at 287.

[32] See Smith v. Frye, 488 F.3d 263, 269 (4th Cir. 2007), cert. denied, 128 S. Ct. 658 (2007).

[33] Id. at 270.

infer that the Individual Defendants were acting on behalf of Powell by punishing Plaintiff for affiliating with her husband "is not an inferential leap" that the courts are willing to make. To extend the doctrine in this way would create limitless potential defendants whenever an employee's family member ran for political office. A second-tier relationship as asserted in the Complaint is too far-removed to support a viable claim under the Association Clause.

## III.    PLAINTIFF'S COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM BASED ON HER UNION ACTIVITIES

Plaintiff's allegations in support of her union speech and association claims are equally insufficient as a matter of law. To avoid dismissal, Plaintiff's union claims must satisfy the same three-step test used to evaluate her campaign claims.[34] Thus, under the first prong of the analysis, Plaintiff must allege that she engaged in a constitutionally protected activity.[35] Next, Plaintiff must allege a causal connection sufficient to infer that her protected activity was a "substantial factor" in the adverse action. Her claims fail on both prongs.

### A.    As Alleged, Plaintiff's Union Activities Cannot Support a Viable Claim of Free Speech or Association-Based Retaliation

Plaintiff alleges that, as a union representative, she engaged in speech relating to the working conditions in the NCCPD and that she provided officers with information about

---

[34] Although there is a circuit split regarding whether the protected activity also must be a matter of public concern when the protected activity is association, see Sanguini v. Pittsburgh Bd. of Public Ed., 968 F.2d 393 (3d Cir. 1992), it will be assumed for the purposes of the present motion that the public-concern element is required in both Plaintiff's union-speech and union-association claims. Guarnieri, 2007 U.S. Dist. LEXIS 84580, at *42-43 (acknowledging the split but proceeding under the same presumption). Burge v. Pearl River County, 103 Fed. Appx. 823, 827 (5th Cir. 2004) (quoting Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 444 (5th Cir. 1999)); see also Cindrich v. Fisher, No. 05-1346, 2006 U.S. Dist. LEXIS 96193, at *22-23 (E.D. Pa. May 31, 2007) (explaining that where "a plaintiff's claims arise under both freedom of speech and freedom of association," both are analyzed using the free speech standard).

[35] Garcetti v. Ceballos, 126 S. Ct. 1951 (2006); Myles v. Richmond County Bd. of Ed., No. 106-66, 2007 U.S. Dist. LEXIS 62110, at *2 (S.D. Ga. Aug. 27, 2007) (associational activity

workers' compensation and other employment benefits.[36]  This speech is limited to the terms and

conditions of employment in the NCCPD and cannot, therefore, support a claim for free speech

or association-based retaliation. [37]

> ### 1.    Plaintiff Was Acting in Her Employment Capacity When Engaged in Union Activities

When charged with the task of determining whether speech was made in an employment

or citizen capacity, the court first looks to the method used in communicating the speech.  An

internal grievance, which is made through channels provided pursuant to an employment policy

or agreement is presumptively employee-made speech.  When a public employee "airs a

complaint or grievance" pursuant to a collective bargaining agreement or other internal grievance

procedure, she is speaking as an employee and not as a citizen.[38]  Indeed, "the weight of

authority" holds that public employees who "convey complaints or grievances about a matter

pertaining to their official duties . . . do so in their capacities as employees rather than citizens"

and that such speech is not protected by the First Amendment.[39]

Plaintiff does not allege that she went outside of the institutional mechanisms specifically

provided by her employer to address internal complaints.  She does not allege that she went to

---

undertaken by public employees in their capacity as employees is not protected under the First
Amendment).

[36] (D.I. 29 at 4, 5).

[37] This necessary holding is unaffected by Plaintiff's boilerplate and conclusory statement that
she performed these activities "in her private capacity as a citizen."  (D.I. 15 at ¶100).  Bald
assertions such as this are irrelevant to the analysis in a motion to dismiss.  See Young, 160 Fed.
Appx. at 266 (explaining that a plaintiff cannot use "allegations of civil rights violations that
amount to nothing more than conclusory, boilerplate language to show that he may be entitled to
relief under Section 1983").

[38] Weintraub v. Bd. of Ed. of N.Y.C., 489 F. Supp. 2d 209, 219 (E.D.N.Y. 2007).

[39] Id. at 221.

DB01:2509003.3                                                                                     045581.1047

the press or to the general public. The exclusively internal nature of her speech further supports the logical conclusion that she spoke as an employee.[40]

The court next looks at the content of the alleged speech in making a employee-citizen determination. Plaintiff alleges that she spoke out about the "mistreatment" of her fellow officers by the NCCPD. This type of general complaint about the conditions of the workplace reflects nothing more than the complaints "of a disgruntled employee."[41]

Plaintiff also claims that she provided her fellow officers with information about their workers' compensation rights. Just like "personal disciplinary grievances," speech about workers' compensation can be characterized only as internal personnel speech.[42] Based on the allegations contained in the Complaint, Plaintiff's participation in union activities was strictly limited to her capacity as a NCCPD employee. Consequently, Garcetti requires dismissal of Plaintiff's retaliation claims insofar as they are based on these union allegations.[43]

> **2. Plaintiff's Union Activities Did Not Touch on a Matter of Public Concern**

Even if Plaintiff spoke out on union issues as a citizen and not as an employee, such speech still does not warrant the constitutional protections of the First Amendment because it

---

[40] See Pottorf v. City of Liberty, No. 06-0246-W-NKL, 2007 U.S. Dist. LEXIS 70803, at *25-26 (W.D. Mo. Sept. 24, 2007) ("The internal nature of the speech is a factor to be considered"); Bradley v. James, 479 F.3d 536, 538 (8th Cir. 2007) (finding that the fact that the only time the plaintiff commented on the matter was during an internal investigation further demonstrates the employee nature of the speech); Foraker v. Chaffinch, 501 F.3d 231, 237-38 (3d Cir. 2007) (finding dispositive the fact that the plaintiffs' initial statements were made within the chain of command).

[41] Id. at 364.

[42] Van Compernolle v. City of Zeeland, No. 06-1904, 2007 U.S. App. LEXIS 16735, at *19 (6th Cir. July 18, 2007).

[43] Johnson v. George, No. 05-157-MPT, 2007 U.S. Dist. LEXIS 42465, at *12 (D. Del. June 11, 2007).

045581.1047

does not relate to a matter of public concern.  <u>Garcetti</u> did not eliminate the public-concern requirement enumerated in <u>Connick v. Meyers</u>.[44]  Plaintiff's union speech must implicate a matter of public concern by "relating to any matter of political, social, or other concern to the community."[45]

Plaintiff must allege more than the mere fact that her "statements and activities on behalf of other officers occurred in the union context."  Such a contention overstates the effect of characterizing speech as "union speech."  Simply because her speech may have been union-related does not necessarily mean that it touched "on a matter of public concern as a matter of law."[46]

In her answering brief, Plaintiff asserts that "the courts have *unfailingly* held that union activities are not part of a public employee's job duties for <u>Garcetti</u> purposes."[47]  She then cites three cases in support of this "unfailing" proposition.  Although this is a gross overstatement of the <u>Garcetti</u> case law, the cited cases are helpful to the present analysis.

First is the case of <u>Nagle v. Village of Calumet Park</u>,[48] which, according to Plaintiff, involved "a union official who filed over 100 union grievances for union members."[49]  Actually, the court noted in a footnote, without discussion, that there was "nothing in the record" to

---

[44] 461 U.S. at 147-48.

[45] <u>Id.</u> at 146.

[46] <u>Maglietti v. Nicholson</u>, No. 05-1819-JCH, 2007 U.S. Dist. LEXIS 73025, at *28-29 (D. Conn. Sept. 29, 2007) (internal citations omitted).

[47] (D.I. 29 at 20, n.7) (emphasis supplied).

[48] No. 05-7039, 2006 U.S. Dist. LEXIS 92251 (N.D. Ill. Dec. 18, 2006).

[49] (D.I. 29 at 20, n. 7).

support that the plaintiff's speech was made pursuant to his job duties.[50]  A closer look at the case reveals that the plaintiff was a vocal union member who spoke out about potential safety issues relating to proposed manpower reductions.  He also submitted union grievances relating to the reductions, and about the hiring of untrained lateral transfers, broken radios, police coverage, and discrimination.

Bypassing the Garcetti analysis, the court employed the traditional free-speech rubric from Connick, finding that the speech did not involve a matter of public concern.  Even though police manpower issues and officer safety can affect the public, an employee's speech is not protected when it "addresses only the personal effect upon the employee."[51]  The court explained that the "[plaintiff]'s speech was intended to influence working conditions for himself and his fellow officers.  *That is, after all, the primary purpose of labor unions*."[52]

The Nagle case has parallels in other circuits.  For example, Fitzpatrick v. City of Frankfurt also involved an active union member who filed numerous grievances challenging department policies and personnel matters, raising allegations of discrimination, and critiquing the treatment of the union by the fire department.[53]  The plaintiff brought his complaints through official written grievances, as well as letters to officials of the Fire Department and the City, and through statements at department and union meetings.[54]

Fitzpatrick argued that his actions were constitutionally protected because they related to union matters.  The court rejected this as a sufficient basis to support his speech and association

---

[50] Nagle, at *15, n.2.  Contrary to Plaintiff's claim, the Nagle case makes no mention of "100 union grievances for union members."

[51] Id. at *14.

[52] Id. at *14-15 (emphasis supplied).

[53] No. 06-38, 2007 U.S. Dist. LEXIS 74067, at *28 (E.D. Ky. Oct. 3, 2007).

12

claims.  For the speech to merit the protections of the First Amendment, the court required the

plaintiff to "go beyond the fact that his statements and activities . . . occurred in a union context"

and demonstrate that the speech touched on a matter of public concern.[55]

Guarnieri v. Duryea Borough is a similar case from within this Circuit.[56]  There, the

plaintiff alleged that he engaged in speech relating to "police and union matters."[57]  He did not

allege any evidence regarding when the speech occurred, the forum where the speech occurred,

the recipients of the speech, or the specific content of the speech.  These deficiencies required

dismissal of his First Amendment claim, regardless of whether he spoke about "police and union

matters."[58]

Under nearly identical circumstances, Plaintiff has failed to allege any of the facts

necessary to support her free speech claim.  Plaintiff's allegations are so bare that no reasonable

defendant could be expected to have notice of the claims asserted against it.  Plaintiff does not

dispute that her Complaint must set forth the "conduct, time, place, and persons responsible."[59]

Plaintiff's Complaint does not identify when the speech occurred, other than "from

March 2001 forward."[60]  The Complaint does not indicate where the speech was made other than

"NCC, Delaware."[61]  Nor does it identify, by name or otherwise, any of the recipients of the

---

[54] Id. at *28.

[55] Id. at *29.

[56] No. 05-1422, 2007 U.S. Dist. LEXIS 84580 (M.D. Pa. Nov. 15, 2007).

[57] Id. at *26.

[58] Id. at *28.

[59] (D.I. 29 at 12(4)) (quoting Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005)).

[60] (D.I. 29 at 18(2)(b)).

[61] (D.I. 29 at 18(2)(b)).

13

speech, though she repeatedly states that all of the Individual Defendants are the "persons responsible for all of these actions."[62]

The Complaint does not identify the "numerous" officers she assisted in filing grievances. It provides no information about the subject or outcome of the grievances. Finally, the Complaint does not allege the specific content of the speech. Given the level of ambiguity in the allegation that she spoke out about the "mistreatment" of police officers, it is clear that she has failed to satisfy the pleading standards of Rule 12(b)(6).

Her union activities were motivated by her desire to protect her job and promote the betterment of her working conditions. "Any motivation to advance a public interest was tenuous and incidental."[63] Without evidence that Plaintiff's "union-related activity on behalf of other officers encompassed more than internal personnel issues," this speech cannot be characterized as a matter of public concern and is subject to dismissal.[64]

### 3.    The Complaint Fails to Allege a Causal Connection

Even if Plaintiff's alleged speech could be described as touching on public concern, her claim is still subject to dismissal for its failure to allege the requisite causal connection.[65] In addition to alleging that she engaged in a constitutionally protected activity, Plaintiff must also allege that she suffered the adverse action *because* of that activity.[66]

Plaintiff attempts to allege causation by repeatedly stating that Defendants "knew of her activities" and were "angered and antagonized" by them. These conclusory assertions of

---

[62] (D.I. 29 at 18(2)(b)).

[63] Id.

[64] Van Compernolle, 2007 U.S. App. LEXIS 16735, at *17; see also Pottorf, 2007 U.S. Dist. LEXIS 70803, at *25-26.

[65] Hanig, 384 F. Supp. 2d at 723.

retaliatory motive are insufficient to satisfy the causal link.[67]  Instead, she must allege "some

tangible proof to demonstrate that [her] version of what occurred was not imaginary."[68]  Plaintiff

has failed to make any such allegation.

Instead, the facts as alleged by Plaintiff support the conclusion that her union activities

and job status were totally unrelated.  For example, she claims that she has been actively

involved with the union since 2001 and that Defendants have always had a "well-known" animus

towards union members.  Plaintiff's admission that Defendants knew of her association with the

union for some time before the promotion decisions further disproves any causal connection.[69]

Plaintiff claims that the first adverse action did not occur until more than one year after

she became an active union representative, and the final adverse action is alleged to have

occurred more than two years after that.  The absence of a temporal relationship between her

union activities and the claimed promotions substantially undercuts any suggestion of a

connection between the two.[70]  Such an extended lapse between the protected expression and the

adverse action is insufficient to support the causal connection required for a finding of

---

[66] Anderson-Free v. Steptoe, 970 F. Supp. 945, 957 (M.D. Ala. 1997).

[67] Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2003).

[68] Id. (citing Morris v. Lindau, 196 F.3d 102 (2d Cir. 1999)).

[69] Strahan v. Kirkland, 287 F.3d 821, 826 (9th Cir. 2002) (holding that sergeant had not shown that his association with motorcycle club was a motivating factor for demotion where employer knew of the sergeant's association "long before" disciplinary action was taken).

[70] See Myers v. Huron County, Oh., No. 06-3117, 2008 U.S. Dist. LEXIS 7246, at *10 (N.D. Oh. Jan. 31, 2008).  Plaintiff's political claims face the same fate, even if there were four weeks between her campaign activities and the first disputed promotion.  See Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1314 (6th Cir. 1989) (finding no causal connection between plaintiff's letter complaining of discrimination and his demotion where he was not demoted until a month after the letter); Cooper v. City of N. Olmstead, 795 F.2d 1265, 1272 (6th Cir. 1986) (finding no causal link between filing of civil rights charge and plaintiff's discharge where discharge was four months after filing of charge).

retaliation.[71]  It is "highly implausible" that her union association was a motivating factor in the decision to deny her a promotion.[72]  "A lengthy time lapse. . . negates any inference that a causal connection exists."[73]

### B.    As Alleged, Plaintiff's Union Activities Cannot Support a Viable Claim of Petition-Based Retaliation

Plaintiff's answering brief makes overly broad statements about the implications of the Petition Clause instead of responding to the well-supported arguments in Defendants' opening brief.  To support her Petition claim, Plaintiff merely states that a "public employee's right to be free of retaliation for exercising their petition clause rights" is "well recognized."[74]  She provides no legal analysis to show that her representation of "numerous police officers" in their employment grievances qualifies as protected petitioning activity.

Plaintiff does not assert that she actually engaged in any petitioning activity at all.  She does not claim that she ever petitioned her employer for redress of her grievances.  She alleges only that her coworkers filed such grievances and that she "represented" them in her capacity as a Grievance Committee representative.  Plaintiff does not have standing to bring a retaliation claim based on the petitioning activity of others.

---

[71] See Paluck v. Gooding Rubber Co., 221 F.3d 1003, 1010 (7th Cir. 2000) (holding that a one-year lapse was too attenuated to support an inference of discrimination); Oest v. Ill. Dep't of Corr., 240 F.3d 605, 617 (7th Cir. 2001) (eight-month delay was too attenuated to support a finding of retaliation); Adusumilli v. City of Chicago, 164 F.3d 390, 399 (7th Cir. 1998) (same); Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918-19 (7th Cir. 2000) (five months).

[72] See Cobb, 363 F.3d at 108 (holding it highly implausible that decision to initiate disciplinary action was a result of the plaintiff's union membership where they had been involved with the union for more than ten years before the adverse action).

[73] McCann v. Winslow Twp., No. 06-3189, 2007 U.S. Dist. LEXIS 93954, at *12 (D.N.J. Dec. 20, 2007).

[74] (D.I. 29 at 17(5)).

16

## IV.    PLAINTIFF HAS ABANDONED COUNTS IV, V, AND VI OF HER COMPLAINT

The only response Plaintiff makes to Defendants' contention that she has failed to state a claim based on her "right to vote," Plaintiff states that Count IV is a "novel legal theory," which should not be dismissed until there is a "fully developed factual record."[75]  Plaintiff does not allege that Defendants actually prevented her from voting or having access to the ballot.  Thus, there is no right-to-vote claim in any form.[76]

In their opening brief, Defendants also requested that Plaintiff's Equal Protection claim be dismissed.  Despite this Court's direct instructions to the parties to voluntarily dismiss any claim that they determine to be without substantial merit, Plaintiff maintained her insistence that all Counts were well supported.  Yet, Plaintiff's answering brief does not make any mention of Counts V and VI.  Nor does she actually admit that those Counts are wholly without support.  Instead, Plaintiff simply ignores them without making making any response to Defendants' arguments for dismissal.  Thus, she is deemed to have abandoned her Equal Protection Claim and Count V and VI are appropriately subject to dismissal.[77]

## V.    THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Perhaps the easiest question presented by this Motion is whether the Individual Defendants are entitled to qualified immunity.  Defendants first asserted this defense in their

---

[75] (D.I. 29 at 22, n.9).

[76] See Vieth v. Pa., 188 F. Supp. 2d 532, 548 (M.D. Pa. 2002) (dismissing the plaintiffs' claims where they did not allege how the challenged law prevented them from exercising their voting rights).

[77] See, e.g., Morgan v. Ga. Power Auth., No. 06-50-HL, 2008 U.S. Dist. LEXIS 9949, at *4 (M.D. Ga. Feb. 11, 2008) (dismissing claims as abandoned where the plaintiff did not respond to the defendant's arguments in his answering brief); Hanig, 384 F. Supp. 2d at 710 (dismissing the plaintiff's claim as abandoned where the plaintiff did not address the defendant's motion to dismiss with regard to that claim).

opening brief.  Plaintiff responds with no less than ten pages of discussion but fails to cite to pre-existing law that establishes a constitutional violation on materially similar facts, as the well-recognized immunity standard requires.  "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant."[78]

To avoid immunity, Plaintiff has the burden to "point to a controlling case, decided before the events at issue, that establishes a constitutional violation" of the properly defined right at issue.[79]  The Third Circuit has recently reiterated that the immunity inquiry "must be undertaken *in light of the specific context of the case*, not as a broad general proposition."[80]  Plaintiff must cite cases that "dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violated federal law in the circumstances."[81]  Further, the cited decisions must come from the Third Circuit, as district court decisions "generally do not clearly establish the law of the circuit.[82]  Plaintiff fails to meet these requirements on even the most abstract level.

First, Plaintiff overgeneralizes the pertinent rights.  For example, she argues that the right "to be free of retaliation for associating with a union and advocating for and advising members of their legal rights" has been clearly established for more than 40 years.[83]  The real question is whether the right to speak out about the treatment of coworkers in the workplace or the right to

---

[78] Lassiter, 248 F.3d at 1122.

[79] Anderson-Free, 970 F. Supp. at 958.

[80] McKee v. Hart, 436 F.3d 165, 171 (3d Cir. 2006) (quoting Brosseau v. Haugen, 543 U.S. 194 (2004) (*per curiam*) (internal quotations omitted)).

[81] Lassiter v. Ala. A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc).

[82] See Ballas v. City of Reading, No. 00-2943, 2001 U.S. Dist. LEXIS 10733, at *8 (E.D. Pa. July 24, 2001) (citing Doe v. Delie, 257 F. 3d 309, 321, n.10 (3d Cir. 2001)).

[83] (D.I. 29 at 28) She cites three Supreme Court decisions, each of which were decided decades before Garcetti and two cases from outside this Circuit.

provide coworkers with assistance on work-related matters, such as workers' compensation issues was clearly established at the time of the adverse action. Plaintiff has not discharged her burden by pointing to cases outside the court's consideration that stand for fundamental propositions instead of specifically delineated rights.[84]

In the same generic terms, she alleges that the right to "intimate association with one's spouse" is clearly established. This reference to a "general rule" and "abstract 'rights'" is insufficient to prevent dismissal.[85] Again, she fails to point to any binding precedent that could have established the alleged conduct was in violation of a "clearly established right." Even if the court determines that such a right was, in fact, established at the relevant time, Plaintiff's claim still fails because of her failure to point to any controlling case as her burden requires.[86]

---

[84] See Anderson-Free, 970 F. Supp. at 959 ("Despite the fact that the right to intimate association was a recognized right at the time of the events at issue, [the plaintiff] has not pointed to a controlling case with materially similar facts that would allow her to avoid defendants' qualified immunity claim.")

[85] See, e.g., id. at 958.

[86] Id. (internal citations omitted).

## CONCLUSION

For the reasons set forth in the brief above and in their opening brief, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety.

CHARLES E. BUTLER, ESQUIRE

/s/ Charles E. Butler
_____
Charles E. Butler, Esquire (No. 2349)
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com
*Attorneys for Defendants Sherry Freebery,*
*Thomas P. Gordon, and Colonel David F.*
*McAllister, each in their individual capacity*


OBERLY JENNINGS & RHODUNDA, P.A.

/s/ Kathleen M. Jennings
_____
Kathleen M. Jennings, Esquire (No. 913)
1220 North Market Street, Suite 710
P.O. Box 2054
Wilmington, Delaware 19899-2054
Telephone: (302) 576-2000
Facsimile: (302) 576-2004
E-mail: kjennings@ojrlaw.com
*Attorneys for Defendant Colonel John*
*Cunningham*


DATED:  February 21, 2008

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ William W. Bowser
_____
William W. Bowser, Esquire (No. 2239)
Margaret M. DiBianca, Esquire (No. 4539)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
E-mail: wbowser@ycst.com
*Attorneys for Defendants Sherry Freebery,*
*Thomas P. Gordon, and Colonel David F.*
*McAllister, each in their official capacity, and*
*New Castle County*

DB01:2509003.3                                                                    045581.1047