# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SERGEANT KATHLEEN RIDDELL, | : |
| Plaintiff, | : |
| v. | : C. A. No. 04-1201-MPT |
| THOMAS P. GORDON, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

**Procedural History**

Sergeant Kathleen Riddell ("Riddell") initiated the present matter on August 27, 2004 against Thomas P. Gordon, Sherry Freebery, Colonel John L. Cunningham, Colonel David F. McAllister and New Castle County (collectively, "defendants"). Defendants filed a motion to stay on November 5, 2004 which was granted on December 15, 2004. On July 13, 2007, Riddell filed an amended complaint which contained six counts: 1) Free Speech Public Employee Retaliation; 2) Petition Clause Retaliation; 3) Political Association or Belief Retaliation/Discrimination; 4) Interference with Fundamental Right to Vote; 5) Fourteenth Amendment Equal Protection - Strict Scrutiny; and 6) Fourteenth Amendment Equal Protection - Rational Basis.

Defendants filed a motion to dismiss on January 7, 2008 pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Riddell filed her answering brief on February 7, 2008 in which she abandons counts five and six. Defendants' reply brief was filed on February 21, 2008. Defendants argue that the complaint does not allege sufficient information to support a claim for which relief may

be granted. Alternatively, defendants urge that, even if the complaint is adequate, they are entitled to qualified immunity.

**Factual History**

Riddell is a nineteen year veteran of the New Castle County Police Department ("NCCPD") and was a union official and member of FOP Lodge 5. During the relevant time period, Gordon was County Executive of New Castle County; Freebery was the County's Chief Administrative Officer; and Cunningham was the Colonel of the NCCPD until June 2003. McAllister became Colonel after Cunningham.

Gordon and Freebery are alleged to have exerted "total control" over New Castle County government, including the NCCPD and through that control, retaliated against their political opponents and FOP Lodge 5 union officials.

Riddell claims that because of her overt political and union activities, she was retaliated against by defendants. Specifically, Riddell points to two situations which led to retaliation. The first occurred during the 2002 New Castle County Council primary election. Riddell's husband sought the democratic nomination against Patty Powell, who was supported by Gordon and Freebery. Riddell publically campaigned and voted for her husband against Powell. According to Riddell, such political activity "angered and antagonized" defendants.

Further, since March 2002, Riddell actively participated on the board of directors of FOP Lodge 5. Her position required her to speak in favor of union members and against management.

Riddell contends that she was retaliated against because of the aforementioned activities in the following manner: 1) denied five promotions between September 2002

2

and September 2003, 2) denied union leave to attend the FOP state convention, and 3) denied transfer and training requests. Specifically, Riddell attributes the denial of the first four promotions to Gordon, Freebery and Cunningham and denial of the fifth promotion to Gordon, Freebery and McAllister. Cunningham and McAllister were involved in the denials of leave and transfer requests.

**Motion to Dismiss**

**Standard of Review**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.[1] The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case.[2] Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint.[3] "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[4] A motion to dismiss may be granted only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[5]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

---

[1] Fed. R. Civ. P. 12(b)(6).
[2] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[3] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
[4] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).
[5] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

fact&rdquo;).[6]   A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief' beyond labels and conclusions."[7]  Although heightened fact pleading is not required, "enough facts to state a claim for relief that is plausible on its face" must be alleged.[8]  While the court assumes that all factual allegations in the complaint are true and draws all reasonable factual inferences in the light most favorable to the plaintiff, it rejects unsupported allegations, "bald assertions," or "legal conclusions."[9]  "When a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[10]

"Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when reviewing a motion to dismiss.[11]  Rule 12(d) addresses the use of materials which are outside the pleadings in motions to dismiss under Rule 12(b)(6).  When such materials are presented, the motion is treated as one for summary judgment.  However, certain additional materials may be consider without converting the motion to dismiss into a motion for summary judgment.  Moreover, a court is "not limited to the four corners of the complaint" and cases have allowed "consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case and exhibits attached to the

---

[6] *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also Victaulic Co v. Teiman*, 499 F.3d 227, 234 (3d Cir. 2007).
[7] *Twombly*, 127 S. Ct. at 1965.
[8] *Id.* at 1974.
[9] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuykill Energy Res., Inc v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).
[10] *Twombly*, 127 S. Ct. at 1969.
[11] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993).

complaint whose authenticity is unquestioned . . . ."[12]  A plaintiff is entitled to notice and a fair opportunity to respond to any evidence the court might consider in its review of a motion to dismiss.  Where a plaintiff had such notice, however, it is proper for the court to consider that evidence.[13]

### Civil Rights Complaint - Conduct, Time, Place and Persons Responsible

Under Fed. R. Civ. P. 8(a)(2), only a "short plain statement of the claim showing that the pleader is entitled to relief" is needed.  In order to defeat a motion to dismiss, Riddell need only meet the lenient requirements of notice pleading.  Thus, her assertions of conduct, time, place and persons responsible are all that are necessary in order to continue to discovery in a civil rights case.[14]  A plaintiff need only meet that basic factual level of pleading in order to apprise a defendant with adequate notice so that he can prepare a defense.

### Count I - Free Speech Public Employee Retaliation

Defendants contend that Riddell has pled a broad and ambiguous set of facts and has not tied them to the elements of her claims.  They claim because of those failures, the complaint should be dismissed.  Although Riddell's complaint does not include the specificity defendants desire, she is not required to prove her claim at this stage nor is she expected to since discovery has not begun.[15]  Moreover, *Twombly* did

---

[12] 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357 (2007).

[13] *Pension Benefit*, 998 F.2d at 1196-97 ("When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.") (internal citations omitted).

[14] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pa. State Police*, 570 F.2d 86, 89 (3d Cir. 1978)); *O'Connell v. Sobina*, No. 1:06-238, 2008 WL 144199, at *21 (W.D. Pa. Jan. 11, 2008) (following *Evancho*'s "conduct, time, place and persons responsible" test for adequacy of pleadings).

[15] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002).

not overrule *Swierkiewicz*: it merely re-establishes that the level of pleading does not require "specific facts" beyond those necessary to make a claim plausible.[16] Thus, defendants' argument that insufficient facts are pled misstates the law given the liberal pleading standards. Riddell need only provide the conduct, time, place and persons responsible for her civil rights claims.

Riddell has provided the required factual specificity for Count I by alleging the conduct against her, the relevant time frame, the place where it occurred and the persons responsible. Gleaned from the complaint is that the conduct at issue is the denial of five promotions and other adverse employment actions (denial of leave and denial of training and transfer) because of her political and union oriented speech. The relevant time period is from September 2002 to September 2003. The place is New Castle County, Delaware. The persons responsible are the individual defendants.

**Count II - First Amendment - Petition Clause Retaliation**

As in Count I, Riddell has adequately pled her claim under Count II since the adverse employment actions and failure to promote are allegedly related to her prosecution of union grievances beginning in 2001. The relevant time period continues to September 2003. The place is New Castle County, Delaware. The persons responsible are the named defendants.

**Count III - First Amendment - Political Association**

Similar to the previous two counts, Riddell has adequately met the required factual specificity for this claim under Rule 12(b)(6). The basis of her claim is denial of

---

[16] *Twombly*, 127 S. Ct. at 1973-74.

certain promotions as a result of the support that she provided to her husband and his political campaign. The relevant time period is from September 2002 to September 2003 in New Castle County, Delaware. The persons responsible are the individual defendants.

### Count IV - Retaliation for Fundamental Right to Vote

Defendants argue that Riddell's "novel legal theory" of interference with her fundamental right to vote is inadequately pled. They focus however, on the caption, rather than the content of the claim. Riddell is not alleging interference with her right to vote, but retaliation for how she voted. Since this count falls under the same retaliation umbrella of the prior counts, only conduct, time, place, and persons responsible are required to be pled. The same information as contained in the prior claims is repeated in support of Count IV, and therefore this retaliation claim has been adequately pled. Moreover, *Buckhead America Corp. v. Reliance Capital Group, Inc.* recognizes that novel legal theories "are best tested for legal sufficiency in light of actual, rather than alleged facts."[17]

### Count V and VI - Fourteenth Amendment Equal Protection

Defendants argue that Riddell's equal protection claims are too vague and require dismissal. Riddell failed to defend either of those counts in her answering brief. In the absence of any response by Riddell to defendants' arguments, her claims under Counts V and VI are abandoned and dismissed.[18]

---

[17] *Buckhead America Corp. v. Reliance Capital Group, Inc.*, 178 B.R. 956, 961 (D. Del. 1994).

[18] *New Shah, Inc. v. Shah*, No. 99-461-GMS, 2000 WL 1728251, at *3 (D. Del June 20, 2000) ("To the extent Plaintiffs did not intend to abandon these claims, the court finds that they have done so by failing to respond to apparently meritorious arguments raised in [defendant's] opening brief."); *See also Morgan v. Ga. Power Co.*, No. 06-50-HL, 2008 WL 372465, at *2 (M.D. Ga. Feb. 11, 2008) (dismissing

**Qualified Immunity**

Defendants maintain that even if the court determines that the complaint is properly pled, they are entitled to dismissal under qualified immunity. Qualified immunity requires two inquiries: 1) do the facts alleged show a violation of a constitutional right? 2) was the right clearly established at the time of the violation?[19] As noted previously, the facts alleged by Riddell show a possible violation of a constitutional right. Therefore, the first inquiry is answered in the affirmative.

Regarding the second question, defendants cite *McKee v. Hart* for the proposition that the violation of a clearly established right must be shown via "sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited."[20] In the subsequent opinion of *Williams v. Bitner,*[21] the Third Circuit followed the more liberal approach of the Supreme Court in *Hope v. Pelzer,*[22] whereby, qualified immunity will not lie when an official has "fair warning that [his] alleged treatment . . . was unconstitutional."[23] Furthermore, "if the unlawfulness of the defendant's conduct would have been apparent to a reasonable official based on the current state of the law, it is

---

plaintiff's claims as abandoned where they were attacked by defendants, but not addressed by plaintiff in his answering brief); *Hanig v. Yorktown Cent. School Dist.*, 384 F. Supp. 2d 710 (S.D.N.Y. 2005) (dismissing plaintiff's claim as abandoned where plaintiff did not answer defendant's motion to dismiss in regards to that claim).

[19] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[20] *McKee v. Hart*, 436 F.3d 165, 171 (3d Cir. 2006).

[21] 455 F.3d 186 (3d Cir. 2006) (holding just seven months after the *McKee* decision that factually similar precedent is not required to show a right is clearly established).

[22] 536 U.S. 730, 741 (2002).

[23] *Williams*, 455 F.3d at 194 (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) which states "Although earlier cases involving 'fundamentally similar' facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding."); *see also U.S. v. Lanier*, 520 U.S. 259 (1997).

not necessary that there be binding precedent from this circuit so advising."[24] Therefore, factually similar precedent is not required and the point of law need only be clear enough so that a reasonable official would have known that the alleged conduct violated a plaintiff's rights.

Riddell has demonstrated that the rights relied upon are clearly established enough for a reasonable official to have known of a potential violation. Her First Amendment rights as a public employee, which is an overarching theme in all her counts, are established through Supreme Court and Third Circuit case law.[25] The existence of such precedent is sufficient under the reasonable notice standard. Her right of union association is protected by a long line of jurisprudence under which, "public employees surely can associate and speak freely and petition openly, and [s]he is protected by the First Amendment from retaliation for doing so."[26] Her right of political association is also clearly established by the Supreme Court: "[F]reedom of association receives protection as a fundamental element of personal liberty."[27]

Defendants argue that until the 2006 Supreme Court decision in *Garcetti v. Ceballos,* First Amendment rights of public employees were not clearly established and

---

[24] *Williams,* 455 F.3d at 192 (citing *Brown v. Muhlenberg Twp.*, 269 F. 3d 205, 211-12 & n.4 (3d Cir. 2001); *see also McLaughlin v. Watson*, 271 F.3d 566, 571 (3d Cir. 2001) ("Clearly established rights are those with contours sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

[25] *See Pickering v. Board of Educ. of Tp. High School Dist.,* 391 U.S. 563 (1968) (holding that a public employee's exercise of free speech on issues of public importance may not furnish the basis for dismissal); *see also Zamboni v. Stamler*, 847 F.2d 73, 80 n.7 (3d Cir. 1988); *Bennis v. Gable*, 823 F.3d 723, 733 (3d Cir. 1987) (concluding that as of 1982 the law was clearly established that a public employee could not be demoted in retaliation for exercising [her] rights under the First Amendment).

[26] *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464-65 (1979).

[27] *Roberts v. Jaycees*, 468 U.S. 609, 618 (1984); *see also Buckly v. Valeo*, 424 U.S. 1, 25 (1976) ("The court's decisions involving associational freedoms establish that the right to association is a 'basic constitutional freedom,' that is 'closely allied to freedom of speech and a right which, like free speech, lies at the foundation of a free society.'").

therefore, the 2002 alleged violations occurred at a time when such rights were not clarified.[28] That argument, however, ignores the important 1968 decision of *Pickering v. Board of Educ. of Tp. High School Dist.* which established the test for whether public employee speech is protected under the First Amendment.[29] The test created in *Pickering* is essentially the same as *Garcetti*.[30] Thus, even though *Garcetti* was recently decided, *Pickering* and subsequent Third Circuit case law provided sufficient guidance regarding the rights afforded public employees in 2002. Therefore, defendants' argument fails.

Defendants also maintain that the right of association claim is not clearly established because the facts alleged fall outside the *Elrod/Branti* framework as analyzed by the Fourth Circuit. The Supreme Court decisions of *Elrod v. Burns* and *Branti v. Finkel* generally hold that public employment can not be conditioned upon patronage of a certain political party.[31] In applying those decisions, defendants rely on Fourth Circuit case law which identified only two factual scenarios where a violation of the right of association exists under *Elrod/Branti*. Specifically, the Fourth Circuit has applied the principles of *Elrod/Branti* to instances: 1) where "the person being fired is actively associated with a political party or faction (or actively chooses not to be so

---

[28] *Garcetti v. Ceballos*, 547 U.S. 410 (2006).
[29] *Pickering*, 391 U.S. 563.
[30] *Reilly v. Atlantic City*, 532 F.3d 216, 228 (3d Cir. 2008) (which applied the *Pickering* test and also commented that "*Garcetti* simply 'narrowed the Court's jurisprudence in the area of employee speech'") (quoting *Foraker v. Chaffinch*, 501 F.3d 231, 241 (3d Cir. 2007)).
[31] *Branti v. Finkel*, 445 U.S. 507, 519 (1980) ("[I]t is manifest that the continued employment of an assistant public defender cannot properly be conditioned upon his allegiance to the political party in control of the county government."); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[F]undamentally, however, any contribution of patronage dismissals to the democratic process does not suffice to override their severe encroachment on First Amendment freedom. We hold, therefore, that the practice of patronage dismissals is unconstitutional under the First and Fourteenth Amendments . . . .").

associated) and the individual making the firing decision is a person seeking office, or 2) [where] newly elected or appointed officials fire supporters of their rivals during a political transition."[32] Defendants maintain that, because Riddell's right to associate claim does not fall within either of those factual situations and she has not identified factually similar precedent, the law was unclear in this area and as a result, they are entitled to qualified immunity.

Their argument fails for three reasons. Significantly, the right of association is intertwined with the First Amendment, which, as noted herein, is clearly established. Second, a plaintiff need only show that the right should be apparent to a reasonable official and not prove factually similar precedent. Third, defendants incorrectly rely on non-binding Fourth Circuit authority for the proposition that factually similar precedent is necessary. Therefore, defendants' argument is unconvincing.

Regarding her right to vote claim, under Rule 12(b)(6), Riddell has stated a claim. Voting is such a fundamental right that attempts to interfere with it through adverse employment action is an obvious violation: "[n]o right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined."[33]

Therefore, Riddell has met her burden under Rule 12(b)(6).

---

[32] *Smith v. Frye*, 488 F.3d 263, 269 (4th Cir. 2007).
[33] *Williams v. Rhodes*, 393 U.S. 23, 31 (1968) (quoting *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964)).

11

**Conclusion**

For the reasons contained herein,

IT IS ORDERED and ADJUDGED that defendants' motion to dismiss [D.I. 26] is granted in part and denied in part:

Defendants' motion to dismiss as to Counts V and VI is GRANTED. As to the remaining Counts and qualified immunity, defendants' motion is DENIED.

Dated: October 31, 2008            /s/ Mary Pat Thynge
                                   UNITED STATES MAGISTRATE JUDGE